## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## AT MARTINSBURG

**JEFFERSON COUNTY COMMISSION,**
**PATRICIA NOLAND,** *as an individual and behalf*
*of all others similarly situated,* **and DALE MANUEL,**
*as an individual and behalf of all others similarly*
*situated,*

>    **FILED**
>
>    NOV 0 4 2011
>
>    U.S. DISTRICT COURT
>    MARTINSBURG, WV 25401

        **Plaintiffs,**

v.                                Civil Action No. 3:11-CV- 96

                                **REQUEST FOR A**
                                **THREE JUDGE PANEL**

**NATALIE TENNANT,** *in her capacity as*
*the Secretary of State,* **EARL RAY TOMBLIN,**
*in his capacity as the Chief Executive Officer of the*
*State of West* **Virginia, JEFFREY KESSLER,** *in his*
*capacity as the Acting President of the Senate of the West*
*Virginia Legislature,* **and RICHARD THOMPSON,** *in his*
*Capacity as the Speaker of the House of Delegates of the*
*West Virginia* **Legislature,**

        **Defendants.**

## COMPLAINT

    The Plaintiffs, by and through their undersigned counsel, state as follows:

### PARTIES

    1.        The first named Plaintiff is the County Commission of Jefferson County,

West Virginia, organized under the laws of the State of West Virginia, with its principal

place of business at 124 East Washington Street, Charles Town, West Virginia, 25414.

    2.        The Plaintiff Patricia Noland is a citizen and resident of Jefferson County,

West Virginia.

3.      The Plaintiff Dale Manuel is a citizen and resident of Jefferson County, West Virginia.

4.      The Defendant Natalie Tennant is sued in her capacity as the Secretary of State of the State of West Virginia.  *See* W.Va. Const. Art. VII, §1.

5.      The Defendant Earl Ray Tomblin is sued in his capacity as the Chief Executive Officer of the State of West Virginia. *See* W.Va. Const. Art. VII, §5.

6.      The Defendant Jeffrey Kessler is sued in his capacity as the Acting President of the Senate of the West Virginia Legislature. *See* W.Va. Code §6A-1-4.

7.      The Defendant Richard Thompson is sued in his capacity as the Speaker of the House of Delegates of the West Virginia Legislature. *See* W.Va. Code §6A-1-4.

8.      Defendants Tennant, Tomblin, Kessler, and Thompson, have duties under state law to ensure that the Constitution and laws of the State of West Virginia are faithfully executed, including the right under Art. I, §4 of the Constitution of West Virginia, to the election of representatives to the United States Congress from districts that "shall be formed of contiguous counties, and be compact and . . . contain as nearly as may be, an equal number of population, to be determined according to the rule prescribed in the Constitution of the United States."

## JURISDICTION AND VENUE

9.      Jurisdiction in this action is proper pursuant to 28 U.S.C §§1331, 1343(a)(3-4), 2201, and 2202.

10.     Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because the shift in population resulting in the violations complained of herein occurred in this district.

11.     Plaintiffs request a three-judge district court pursuant to 28 U.S.C. §2284(a) which states "a district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts . . .."

## ALLEGATIONS OF FACT

12.     During its First Extraordinary Session, 2011, the West Virginia Legislature had the task of reapportioning congressional districts for the State's delegation to the U.S. House of Representatives based on the results of the 2010 U.S. Census.

13.     According to the 2010 Census, West Virginia has a total population of 1,852,994 and was given three seats in the U.S. House of Representatives in accordance with Article I, §2 and the Fourteenth Amendment of the United States Constitution.

14.     The West Virginia State Senate created a Task Force of Redistricting to develop a new congressional plan for the state.  (Exhibit A, Testimony of the Honorable John R. Unger).

15.     The Constitution of West Virginia, Art. I, §4 requires

> For the election of representatives to Congress, the State shall be divided into districts, corresponding in number with the representatives to which it may be entitled; which districts shall be formed of contiguous counties, and be compact. Each district shall contain as nearly as may be, an equal number of population to be determined according to the rule prescribed in the Constitution.

16.     The Committee originated a bill, S.B. 1008, that provided for three congressional districts of equal proportion comprising contiguous counties and compact districts with populations as follows:

3

    a.   First Congressional District – 617,665;

    b.   Second Congressional District – 617,665; and,

    c.   Third Congressional District – 617,664.

(Exhibit A).

17.        In this plan, the population variance from the least to the most populated district was 0.0% (Relative Overall Range).  (Exhibit A).

18.        In August 2011, the Legislature convened in an extraordinary session to adopt plans for redistricting.

19.        Four different amendments to S.B. 1008 were proposed and debated.

20.        A floor amendment proposed by Senator Herb Snyder on the last day of the Extraordinary Session would have divided the congressional Districts as follows:

    a.   First Congressional District – 618,555;

    b.   Second Congressional District – 618,298; and,

    c.   Third Congressional District – 616,141.

21.        In this plan, the population variance from least to most populated district was 0.39 (Relative Overall Range), or 2,414 persons.  (Exhibit A).

22.        Ultimately, on August 5, 2011, the West Virginia State Senate voted to pass Senate Bill No. 1008, Reapportioning congressional districts with an amendment. (Exhibit C, Senate Journal, Eightieth Legislature, First Extraordinary Session, 2011). The amended bill moved Mason County from the current Second Congressional District into the current Third Congressional District.

23.        As enacted, the final bill provided for three congressional districts as follows:

4

    a.   First Congressional District – 615,991;

    b.   Second Congressional District – 620,862; and,

    c.   Third Congressional District – 616,141.

24.      Under the newly enacted law, the counties of West Virginia are divided into the following congressional districts:

    a.   First Congressional District - Barbour, Brooke, Doddridge, Gilmer, Grant, Hancock, Harrison, Marion, Marshall, Mineral, Monongalia, Ohio, Pleasants, Preston, Ritchie, Taylor, Tucker, Tyler, Wetzel, and Wood.

    b.   Second Congressional District – Berkeley, Braxton, Calhoun, Clay, Hampshire, Hardy, Jackson, Jefferson, Kanawha, Lewis, Morgan, Pendleton, Putnam, Randolph, Roane, Upshur, and Wirt.

    c.   Third Congressional District – Boone, Cabell, Fayette, Greenbrier, Lincoln, Logan, Mason, McDowell, Mercer, Mingo, Monroe, Nicholas, Pocohontas, Raleigh, Summers, Wayne, Webster, and Wyoming.

25.      The Second Congressional District is the most populous of the State's three congressional districts.

26.      Under the legislation as enacted, Jefferson County, where Plaintiffs reside, is in the Second Congressional District.

27.      Where S.B. 1008, as originated, provided for a variance of 0.0% (Relative Overall Range) between the most populated and least populated district, the law as enacted creates a variance of 0.79% (Relative Overall Range) – a difference of 4,871 people.

28.     The 0.79% variance was the second highest population variance of the four amendments proposed to the originated bill.

29.     The Senate Record contains no legitimate objective for why the plan with the higher variance was selected.  (*See* Exhibit B, Remarks from the Floor; Exhibit C).

30.     The vote for the bill in the Senate was 27 to 4.

31.     The West Virginia House of Delegates never debated the amended S.B. 1008, but simply voted for it.

## COUNT ONE

## U.S. CONSTITUTION, FOURTEENTH AMENDMENT

32.     The Plaintiffs re-allege the facts set forth in the preceding paragraphs as if fully set forth herein.

33.     The congressional districts, as currently drawn, violate Article I, §2 of the United States Constitution, which guarantees fair and equal opportunity to cast a meaningful ballot for a state's delegation to the U.S. House of Representatives.

34.     The congressional districts, as currently drawn, violate the Equal Protection Clause of the Fourteenth Amendment by depriving Plaintiffs and all other citizens in West Virginia's Second Congressional District by placing them in an over-populated congressional district and thus diluting their vote.

35.     A redistricting plan in which some legislative districts have a significantly greater population than others discriminates against citizens in the larger districts by diluting those citizens' votes in violation of the Equal Protection Clause of the Fourteenth Amendment. *See, e.g., Reynolds v. Sims,* 377 U.S. 533, 558 (1964).

## COUNT TWO

### CONSTITUTION OF WEST VIRGINIA, ART. I, §4

36.     The Plaintiffs re-allege the facts set forth in the preceding paragraphs as if fully set forth herein.

37.     Article I, §4 of the Constitution of West Virginia requires that each congressional district be contiguous, compact, and "contain as nearly as may be, an equal number of population."

38.     As enacted, the current statute results in an unconstitutionally high variance between the highest and lowest populated congressional districts.

### COUNT THREE

### CONSTITUTION OF WEST VIRGINIA, ART. I., §4

39.     The Plaintiffs re-allege the facts set forth in the preceding paragraphs as if fully set forth herein.

40.     Article I, §4 of the Constitution of West Virginia requires that each congressional district "shall be formed of contiguous counties, and be compact."

41.     As enacted, the current statute creates a non-compact Congressional District 2 that runs the entire width of the State from Jefferson County, in the tip of the Eastern Panhandle to Jackson County, on the Ohio River.

### PRAYER FOR RELIEF

Plaintiffs therefore respectfully request that this Court:

A.  Convene a three-judge panel pursuant to 28 U.S.C. §2284 so that a court with the authority to establish any necessary redistricting plan(s) is constituted in a timely manner;

B. Enter a declaratory judgment that the existing congressional districts violate Plaintiffs' rights under federal law and are therefore null and void;

C. Enter a declaratory judgment that the existing congressional districts violate Plaintiffs' rights under state law and are therefore null and void;

D. Enjoin Defendants from using the existing congressional districts in any future primary or general election(s);

E. Enter an Order adopting a plan offered in the West Virginia Legislature that is most compact and has the least variance in population;

F. Enter an order granting Plaintiffs their reasonable attorney's fees and costs in this action, including all fees, costs, and expenses recoverable pursuant to 42 U.S.C. §1988(b); and,

G. Provide such other relief as the Court may deem proper.

**JEFFERSON COUNTY COMMISSION**
**PATRICIA NOLAND and**
**DALE MANUEL**
**By Counsel**

Stephen G. Skinner (W.Va. Bar # 6725)
SKINNER LAW FIRM
P. O. Box 487
Charles Town, West Virginia 25414
(304) 725-7029/Fax: (304) 725-4082
sskinner@skinnerfirm.com

David M. Hammer (W.Va. Bar # 5047)
HAMMER, FERRETTI & SCHIAVONI
408 West King Street
Martinsburg, WV 25401
(304) 264-8505/Fax: (304) 264-8506
dhammer@hfslawyers.com