IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

JEFFERSON COUNTY COMMISSION , PATRICIA NOLAND, *as an individual and behalf of all others similarly situated*, and DALE MANUEL, *as an individual and behalf of all others similarly situated*,

    Plaintiffs,

v.           Civil Action No. 3:11-CV-96

REQUEST FOR A
THREE-JUDGE PANEL

NATALIE E. TENNANT, *in her capacity as the Secretary of State*, EARL RAY TOMBLIN, *in his capacity as the Chief Executive Officer of the State of West Virginia*, JEFFREY KESSLER, *in his capacity as the Acting President of the Senate of the West Virginia Legislature*, and RICHARD THOMPSON, *in his capacity as the Speaker of the House of Delegates of the West Virginia Legislature*,

    Defendants.

## MOTION BY THORNTON COOPER TO INTERVENE AS A PLAINTIFF UNDER RULE 24.

**Thornton Cooper** hereby moves for leave to intervene as a Plaintiff under *Rule 24* of the *Federal Rules of Civil Procedure* and to file the attached Complaint against the Defendants listed hereinabove.

1

As a resident of Kanawha County, movant Thornton Cooper is a resident of the same sprawling Second Congressional District in which Plaintiffs Patricia Noland and Dale Manuel are residents and in which Plaintiff Jefferson County Commission has its principal place of business, all of those three Plaintiffs being located in Jefferson County.  The Second Congressional District, as described in Enrolled Senate Bill No. 1008, extends from the Ohio River and western Jackson County and from western Putnam County to eastern Jefferson County.   Under Enrolled Senate Bill No. 1008, the votes of all residents of the Second Congressional District are diluted as compared with the votes of residents of the First and Third Congressional Districts under that legislation.

However, movant Thornton Cooper claims an interest relating to the subject matter of this civil action and he is so situated that the disposition of this action may, as a practical matter, impair or impede his ability to protect his interests because Plaintiffs Jefferson County Commission, Patricia Noland, and Dale Manuel do not, in the opinion of movant Thornton Cooper, adequately protect his interests.

For example, as alternatives to the congressional redistricting plan set forth in Enrolled Senate Bill No. 1008, movant Thornton Cooper desires to offer several redistricting plans to this Honorable Court that would not split Kanawha County between or among different congressional districts.   He is concerned that the plan or plans to be offered to this Court by Plaintiffs Jefferson County Commission, Patricia Noland, and Dale Manuel may involve the division of Kanawha County between or among different congressional districts.

If that is indeed the case, then Plaintiffs Jefferson County Commission, Patricia Noland, and Dale Manuel clearly do not adequately protect the movant's interests.

Accordingly, movant Thornton Cooper respectfully requests that his motion to intervene, as an intervenor of right, as a Plaintiff herein be granted.

                                                  **THORNTON COOPER**

                                                  **Movant**

                                                  **Pro Se**

_____
Thornton Cooper
3015 Ridgeview Drive
South Charleston, WV  25303
WVSB No. 823
(304) 744-9616 (home)
thornbush@att.net

Dated:  November 22, 2011