IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

JEFFERSON COUNTY COMMISSION , PATRICIA NOLAND, *as an individual and behalf of all others similarly situated*, and DALE MANUEL, *as an individual and behalf of all others similarly situated*,

    Plaintiffs, and

THORNTON COOPER,

    Intervening Plaintiff,

v.                                        Civil Action No. 3:11-CV-96

                                             REQUEST FOR A
                                             THREE-JUDGE PANEL

NATALIE E. TENNANT, *in her capacity as the Secretary of State*, EARL RAY TOMBLIN, *in his capacity as the Chief Executive Officer of the State of West Virginia*, JEFFREY KESSLER, *in his capacity as the Acting President of the Senate of the West Virginia Legislature*, and RICHARD THOMPSON, *in his capacity as the Speaker of the House of Delegates of the West Virginia Legislature*,

    Defendants.

**COMPLAINT BY INTERVENING PLAINTIFF THORNTON COOPER.**

    **Thornton Cooper,** Intervening Plaintiff, *pro se*, states as follows:

1

## PARTIES.

1. Thornton Cooper, Intervening Plaintiff, is a native, citizen, and resident of Kanawha County, West Virginia, and is also an attorney and political cartographer. He actively participated and testified in federal cases involving the redistricting of West Virginia's congressional districts following the 1980 and 1990 Censuses. He was qualified as an expert in the latter case, *Stone v. Hechler*, 782 F. Supp. 1116, 1122, 1123 (N. D. W. Va. 1992).

2. The first Defendant, the **Honorable Natalie Tennant**, is the Secretary of State of the State of West Virginia, and serves as the chief election official of West Virginia. She is sued in her official capacity.

3. The remaining Defendants, the **Honorable Earl Ray Tomblin**, the **Honorable Jeffrey Kessler**, and the **Honorable Richard Thompson**, are, respectively, the Governor of the State of West Virginia, the President of the West Virginia State Senate, and the Speaker of the West Virginia House of Delegates. Each is sued in his official capacity.

## JURISDICTION AND VENUE.

4. Jurisdiction in this civil action is proper under the provisions of 28 U.S.C. §§ 1331, 1343, 2201, and 2202 and 42 U.S.C. § 1983.

5. Venue in this civil action is proper under 28 U.S.C. § 1391 because some of the violations of constitutional rights described herein occurred to residents of the Eastern Panhandle of West Virginia.

6. Intervening Plaintiff Thornton Cooper joins the original Plaintiffs in requesting that a three-judge district court be convened in accordance with 28 U.S.C.

§ 2284.

## ALLEGATIONS OF FACT.

7.      Following the 2010 Census, West Virginia, with a population of 1,852,994, was assigned a total of three (3) members of Congress in accordance with *Article I, §2, clause 3*, of the *United States Constitution* and with the *Fourteenth Amendment* thereto, and pursuant to *2 U.S.C. § 2a(a)*, under a rather complicated algebraic formula known as the "method of equal proportions".   See, *U. S. Dep't of Commerce v. Montana*, 503 U.S. 442, 112 S. Ct. 1415, 118 L. Ed. 2d 87 (1992).

8.      Under the 2001 redistricting statute, West Virginia, as of the beginning of 2011, was divided as follows:   (a) The First Congressional District, with a 2010 population of 615,991, consisted of Barbour, Brooke, Doddridge, Gilmer, Grant, Hancock, Harrison, Marion, Marshall, Mineral, Monongalia, Ohio, Pleasants, Preston, Ritchie, Taylor, Tucker, Tyler, Wetzel, and Wood Counties.   (b)  The Second Congressional District, with a population of 648,186, consisted of Berkeley, Braxton, Calhoun, Clay, Hampshire, Hardy, Jackson, Jefferson, Kanawha, Lewis, Mason, Morgan, Pendleton, Putnam, Randolph, Roane, Upshur, and Wirt Counties.  (c)  The Third Congressional District, with a population of 588,817, consisted of Boone, Cabell, Fayette, Greenbrier, Lincoln, Logan, McDowell, Mercer, Mingo, Monroe, Nicholas, Pocahontas, Raleigh, Summers, Wayne, Webster, and Wyoming Counties.

9.      In the spring of 2011, the West Virginia State Senate Redistricting Committee (with its staff, also known as the State Senate Redistricting Task Force) SSRC, chaired by State Senator John Unger, II, began holding public hearings across the state to obtain public comment on redistricting congressional districts, State Senate

districts, and House of Delegates districts.  During the spring and summer of 2011, twelve (12) hearings by that committee were held across the state.

10. Intervening Plaintiff Thornton Cooper attended all twelve (12) of the above hearings, the last of which was held on Thursday, July 21, 2011, in Princeton.  At those hearings, he submitted three (3) different plans for redistricting the state's congressional districts and made oral presentations about his various proposals.  Those submissions (and all of his oral presentations to that committee) are set forth in detail, and are mapped out, on the West Virginia State Senate's website.

11. Of all the plans submitted to the SSRC, Intervening Plaintiff Thornton Cooper's three (3) submissions are, to the best of his knowledge, the plans closest to numerical equality that divide no counties between or among congressional districts.  The ideal population for a congressional district, to the nearest integer, is 617,665.  Under the first of his submissions, the populations of the three congressional districts are 617,341, 617,869, and 617,784.  Under the second of his submissions, the populations of the three congressional districts are 617,778, 617,432, and 617,784.  Under the third of his submissions, the populations of the three congressional districts are 617,778, 617,667, and 617,549.

12. Following the conclusion of these hearings by the SSRC, the First Extraordinary Session of the 2011 Legislature was convened in Charleston.  During that special session, the Legislature, on Friday, August 5, 2011, passed Senate Bill No. 1008, relating to the redistricting of West Virginia's Congressional districts.  That bill amended the congressional-districts language in *W.Va. Code §1-2-3,* as last amended in 2001, by moving Mason County from the Second Congressional District to the Third

4

Congressional District.  Defendants Jeffrey Kessler and Richard Thompson voted for that bill.  That bill took effect from passage and was subsequently signed by Defendant, and then Acting Governor, Earl Ray Tomblin.

13.     The population variances among congressional districts under Enrolled Senate Bill No. 1008 are much greater than the population variances under any of Intervening Plaintiff Thornton Cooper's three congressional redistricting (3) plans and are also much greater than the population variances in the 1991 legislation that was allowed to stand in *Stone v. Hechler, supra.*

14.     Under Enrolled Senate Bill No. 1008, West Virginia is divided as follows: (a) The First Congressional District, with a population of 615,991, consists of Barbour, Brooke, Doddridge, Gilmer, Grant, Hancock, Harrison, Marion, Marshall, Mineral, Monongalia, Ohio, Pleasants, Preston, Ritchie, Taylor, Tucker, Tyler, Wetzel, and Wood Counties.  (b)  The Second Congressional District, with a population of 620,862, consists of Berkeley, Braxton, Calhoun, Clay, Hampshire, Hardy, Jackson, Jefferson, Kanawha, Lewis, Morgan, Pendleton, Putnam, Randolph, Roane, Upshur, and Wirt Counties. (c)  The Third Congressional District, with a population of 616,141, consists of Boone, Cabell, Fayette, Greenbrier, Lincoln, Logan, Mason, McDowell, Mercer, Mingo, Monroe, Nicholas, Pocahontas, Raleigh, Summers, Wayne, Webster, and Wyoming Counties.

15.     The new Second Congressional District, in which Intervening Plaintiff Thornton Cooper resides, is the most populous of these districts, exceeding the population of the old and new First Congressional District by 4,871 people.

5

16. Under Article I, § 4, of the *West Virginia Constitution*, for "the election of representatives to Congress, the State shall be divided into districts, corresponding in number with the representatives to which it may be entitled; which districts shall be compact. Each district shall contain as nearly as may be, an equal number of population, to be determined according to the rule prescribed in the Constitution of the United States."

17. The Second Congressional District under Enrolled Senate Bill No. 1008 is not compact.

## FIRST CAUSE OF ACTION.

18. Intervening Plaintiff Thornton Cooper incorporates by reference the allegations set forth in Paragraphs 1 through 17 as if set forth herein in full.

19. Under *Article I, § 2*, of the *United States Constitution*, a state is required to make a good-faith effort to achieve precise mathematical equality between and among congressional districts. *Kirkpatrick v. Preisler*, 394 U.S. 526, 89 S. Ct. 1225, 22 L. Ed. 2d 519 (1969).

20. Because, in enacting Enrolled Senate Bill No. 1008, it ignored its duty to achieve, or even to attempt to achieve, precise mathematical equality between and among congressional districts, the West Virginia Legislature violated both *Article I, § 2*, of the *United States Constitution* and *Article I, § 4*, of the *West Virginia Constitution*.

21. As the West Virginia Secretary of State, Defendant Natalie Tennant, pursuant to *W. Va. Code § 3-1A-6*, is the chief election official of West Virginia. She is required to carry out her responsibilities in accordance with the *West Virginia Constitution*.

22. More specifically, it is with Defendant Tennant's office that all West Virginia candidates for the U.S. House of Representatives must file their respective "certificates of announcement", *W. Va. Code § 3-5-7(b)(1),* (or mail them with proper postmarks) "not earlier than the second Monday in January next preceding the primary election day, and not later than the last Saturday in January next preceding the primary election day," *W. Va. Code § 3-5-7(c)*. Among the information that must be included on a candidate's certificate of announcement is the "name of the office sought; the **district**, if any; and the division, if any". *W. Va. Code § 3-5-7(d)(2)*. (emphasis added)

23. By the 84th day before the 2012 primary election, the Secretary of State is required to prepare a "certificate of candidates", which includes, among other things, the name and residential address of every candidate who has filed a certificate of announcement with her office and the office for which he or she is a candidate. *W. Va. Code* § 3-5-9. After completing her certificate of candidates, the "Secretary of State shall ascertain therefrom the candidates whose names are to appear on the primary election ballot in the several counties in the state and shall certify to the clerk of the county commission in each county the certificate information relating to each of the candidates whose names are to appear on the ballot in that county." *Id*.

24. Intervening Plaintiff Thornton Cooper seeks to have this Honorable Court (a) require that the Secretary of State provide such information relating to the West Virginia candidates for the U. S. House of Representatives to the respective county clerks in West Virginia as if those candidates had filed their certificates of announcement with respect to the three (3) districts in one of the congressional-redistricting plans that he has already submitted to the SSRC or with respect to some

other plan that he may submit to this Honorable Court and (b) that the Court require her **not** to provide such information as if the candidates had filed their certificates of announcement with respect to the three (3) congressional districts described in Enrolled Senate Bill No. 1008.

## **PRAYER FOR RELIEF.**

Wherefore, Intervening Plaintiff Thornton Cooper respectfully requests:

(a)  that a three-judge district court be convened in accordance with 28 U.S.C. § 2284 to review the claims made by the original Plaintiffs and by Intervening Plaintiff Thornton Cooper in this civil action;

(b)  that that three-judge district court enter a declaratory judgment that the three (3) congressional districts described in Enrolled Senate Bill No. 1008 violate Intervening Plaintiff Thornton Cooper's rights under federal and state law and are, therefore, null and void;

(c)  that that three-judge district court enjoin the Defendants from using the congressional districts under the earlier 2001 redistricting plan and under Enrolled Senate Bill No. 1008 in any future primary or general election;

(d)  that that three-judge district court require Defendant Natalie Tennant to conduct the 2012 primary and general elections under the congressional districts set forth in one of the three (3) redistricting plans already submitted to the SSRC by Intervening Plaintiff Thornton Cooper or in one or more other plans that he may submit to the three-judge court during this litigation.

    (e)  that that three-judge district court grant Intervening Plaintiff Thornton Cooper any attorney's fees, expenses, or costs that he may incur in this litigation pursuant to 42 U.S.C. § 1988(b); and

    (f)  that that three-judge district court grant any other relief that it may deem proper.

                  **THORNTON COOPER**

                    **Intervening Plaintiff**

                    **Pro Se**

_____
Thornton Cooper
3015 Ridgeview Drive
South Charleston, WV  25303
WVSB No. 823
(304) 744-9616 (home)
thornbush@att.net

Dated:  November 22, 2011

9