IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JEFFERSON COUNTY COMMISSION, PATRICIA NOLAND,** *as an individual and behalf of all others similarly situated*, **and DALE MANUEL,** *as an individual and on behalf of all others similarly situated*,

        *Plaintiffs,*

v.                         Civil Action No.  3:11-CV-96
                             (Bailey, J., King, J., and Berger, J.)

**THORNTON COOPER,**

        *Intervenor Plaintiff,*

v.

**NATALIE E. TENNANT,** *in her capacity as the Secretary of State*, **EARL RAY TOMBLIN,** *in his capacity as the Chief Executive Officer of the State of West Virginia*, **JEFFREY KESSLER,** *in his capacity as the Acting President of the Senate of the West Virginia Legislature*, **and RICHARD THOMPSON,** *in his Capacity as the Speaker of the House of Delegates of the West Virginia Legislature,*

        *Defendants.*

_____

**ANSWER BY THE DEFENDANT GOVERNOR EARL RAY TOMBLIN**
_____

The Defendant Earl Ray Tomblin, in his capacity as the Governor of the State of West Virginia, says as follows in response to the Complaint filed against him in the above-styled action:

1.      The allegations in Paragraph 1 of the Complaint are admitted.

2. The Defendant Earl Ray Tomblin lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 2.

3. The Defendant Earl Ray Tomblin lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 3.

4. The Defendant Earl Ray Tomblin admits that Natalie E. Tennant is the Secretary of State of the State of West Virginia as alleged in Paragraph 4.

5. The Defendant Earl Ray Tomblin admits that he is the Chief Executive Officer of the State of West Virginia as alleged in Paragraph 5.

6. The Defendant Earl Ray Tomblin admits that Jeffrey Kessler is the President of the Senate of the West Virginia Legislature as alleged in Paragraph 6.

7. The Defendant Earl Ray Tomblin admits that Richard Thompson is the Speaker of the House of Delegates of the West Virginia Legislature as alleged in Paragraph 7.

8. The Defendant Earl Ray Tomblin admits that the West Virginia Constitution contains the quoted words in Paragraph 8 of the Complaint; admits that he has a constitutional duty to take care that the laws are faithfully executed pursuant to article VII, § 5 of the West Virginia Constitution; states that he does not have any special duties under the law with respect to selecting the areas that are to be located in any congressional district or with respect to conducting elections for Congress; and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint states a legal conclusion and does not make factual allegations that are subject to factual admission or denial; to the extent that Paragraph 9 sets forth or is in support of a claim for relief against the Defendant Earl Ray Tomblin, it is denied.

10. Paragraph 10 of the Complaint in part states legal conclusions that are not subject to factual admission or denial; to the extent that Paragraph 10 sets forth factual allegations or is in support of a claim for relief against the Defendant Earl Ray Tomblin, it is denied.

11. The Defendant Earl Ray Tomblin states that the request for a three-judge court has been granted and is moot.

12. The allegations in Paragraph 12 of the Complaint are admitted.

13. The allegations in Paragraph 13 of the Complaint are admitted.

14. The allegations in Paragraph 14 of the Complaint are admitted.

15. The allegations in Paragraph 15 of the Complaint are admitted.

16. The Defendant Earl Ray Tomblin admits that Senate Bill 1008 in all of its forms called for three congressional districts; states that the written contents of Senate Bill 1008 speak for themselves; and otherwise lacks sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 16.

17. The Defendant Earl Ray Tomblin states that the written contents of Senate Bill 1008 speak for themselves with respect to the allegations in Paragraph 17.

18. The allegations in Paragraph 18 of the Complaint are admitted.

19. The Defendant Earl Ray Tomblin admits that amendments to Senate Bill 1008 as introduced were proposed and otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 19.

20. The allegations in Paragraph 20 of the Complaint are admitted.

21. The Defendant Earl Ray Tomblin admits that amendments to Senate Bill 1008 as introduced were proposed and states that the written contents of said amendments speak for themselves with respect to the allegations in Paragraph 21.

22. The allegations in Paragraph 22 of the Complaint are admitted.

23. The allegations in Paragraph 23 of the Complaint are admitted.

24. The allegations in Paragraph 24 of the Complaint are admitted.

25. The Defendant Earl Ray Tomblin admits that pursuant to the information presented in the Complaint, the Second Congressional District is the most populous with respect to the allegations in Paragraph 25.

26. Based upon the information provided in the Complaint, the allegations in Paragraph 26 of the Complaint are admitted.

27. The Defendant Earl Ray Tomblin states that the written contents of Senate Bill 1008 speak for themselves with respect to the allegations in Paragraph 27.

28. The Defendant Earl Ray Tomblin states that the written contents of Senate Bill 1008 speak for themselves with respect to the allegations in Paragraph 28.

29. The Defendant Earl Ray Tomblin lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 29.

30. The allegations in Paragraph 30 of the Complaint are admitted.

31. The Defendant Earl Ray Tomblin admits that the West Virginia House of Delegates voted for Senate Bill 1008; and lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 31.

32. With respect to Paragraph 32 of the Complaint, the Defendant Earl Ray Tomblin incorporates by reference his previous responses to the numbered paragraphs of the Complaint.

33. The statement in Paragraph 33 is a legal conclusion that is not susceptible to a factual admission or denial; to the extent that the statement would establish a basis for a claim for relief against the Defendant Earl Ray Tomblin, it is denied.

34. The statement in Paragraph 34 is a legal conclusion that is not susceptible to a factual admission or denial; to the extent that the statement would establish a basis for a claim for relief against the Defendant Earl Ray Tomblin, it is denied.

35. The statement in Paragraph 35 is a legal conclusion that is not susceptible to a factual admission or denial; to the extent that the statement would establish a basis for a claim for relief against the Defendant Earl Ray Tomblin, it is denied.

36. With respect to Paragraph 36 of the Complaint, the Defendant Earl Ray Tomblin incorporates by reference his previous responses to the numbered paragraphs of the Complaint.

37. The Defendant Earl Ray Tomblin admits that article I, § 4 of the West Virginia Constitution contains the language quoted in Paragraph 37 of the Complaint.

38. The statement in Paragraph 38 is a legal conclusion that is not susceptible to factual admission or denial; to the extent that the statement would establish a basis for a claim for relief against the Defendant Earl Ray Tomblin, it is denied.

39. With respect to Paragraph 39 of the Complaint, the Defendant Earl Ray Tomblin incorporates by reference his previous responses to the numbered paragraphs of the Complaint.

40. The Defendant Earl Ray Tomblin admits that article I, § 4 of the West Virginia Constitution contains the language quoted in Paragraph 40 of the Complaint.

41. The statement in Paragraph 41 is a legal conclusion that is not susceptible to factual admission or denial; to the extent that the statement would establish a basis for a claim for relief against the Defendant Earl Ray Tomblin, it is denied.

42. Any matter not specifically admitted herein by the Defendant Earl Ray Tomblin is denied.

43. The statements in the Complaint's Prayer for Relief are legal requests that are not susceptible to factual admission or denial; with the exception of the request for a three-judge court, which has been granted and is therefore moot, to the extent that any of these statements in the Prayer for Relief would establish a basis for a claim for relief against the Defendant Earl Ray Tomblin, they are denied.

WHEREFORE, the Defendant Earl Ray Tomblin answers as set forth hereinabove to the Complaint and asks that no relief be awarded against him.

        Respectfully submitted,

        EARL RAY TOMBLIN, *Defendant*,

        *By counsel*

DARRELL V. McGRAW, JR.
ATTORNEY GENERAL

/s/ *Thomas W. Rodd*
Thomas W. Rodd, Bar No. 3143
Assistant Attorney General
Attorney for Defendant Earl Ray Tomblin

Office of the Attorney General
812 Quarrier Street, 6th Floor
Charleston, West Virginia 25301
Telephone:   (304) 558-5830
Fax:   (304) 558-5833
E-mail:   twr@wvago.gov

### CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2011, I electronically filed the foregoing "Answer by the Defendant Earl Ray Tomblin" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel:

To:  David M. Hammer, Esquire
     Hammer, Ferretti & Schiavoni
     408 W. King Street
     Martinsburg, WV 25401
     Counsel for Plaintiff Jefferson County Comm'n,
       Patricia Noland, and Dale Manuel

     Stephen G. Skinner, Esquire
     Skinner Law Firm
     P.O. Box 487
     Charles Town, WV 25414
     Counsel for Plaintiff Jefferson County Comm'n,
       Patricia Noland, and Dale Manuel

     Stuart Thornton Cooper, Esquire
     3015 Ridgeview Drive
     South Charleston, WV 25303
     Counsel for Intervenor Plaintiff

     George E. Carenbauer, Esquire
     Steptoe & Johnson, PLLC-Charleston
     P.O. Box 1588
     Charleston, WV 25326-1588
     Counsel for Defendant Jeffrey Kessler

     Cynthia A. Majestro, Esquire
     Powell & Majestro, PLLC
     405 Capitol Street, Suite P-1200
     Charleston, WV 25301
     Counsel for Defendant Richard Thompson

/s/ *Thomas W. Rodd*
Thomas W. Rodd, Bar No. 3143
Assistant Attorney General
Attorney for Defendant Earl Ray Tomblin

Office of the Attorney General
812 Quarrier Street, 6th Floor

|  |  |
|---|---|
| | Charleston, West Virginia 25301 |
| Telephone: | (304) 558-5830 |
| Fax: | (304) 558-5833 |
| E-mail: | twr@wvago.gov |