### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JEFFERSON COUNTY COMMISSION, PATRICIA NOLAND,** *as an individual and behalf of all others similarly situated*, **and DALE MANUEL,** *as an individual and on behalf of all others similarly situated,*

                              *Plaintiffs,*

**v.**
                                            Civil Action No.  3:11-CV-96
                                            **(Bailey, J., King, J., and Berger, J.)**

**THORNTON COOPER,**

                              *Intervenor Plaintiff,*

**v.**

**NATALIE E. TENNANT,** *in her capacity as the Secretary of State*, **EARL RAY TOMBLIN,** *in his capacity as the Chief Executive Officer of the State of West Virginia*, **JEFFREY KESSLER,** *in his capacity as the Acting President of the Senate of the West Virginia Legislature*, **and RICHARD THOMPSON,** *in his Capacity as the Speaker of the House of Delegates of the West Virginia Legislature,*

                              *Defendants.*

---

### ANSWER AND STATEMENT REGARDING ELECTION DEADLINES BY THE DEFENDANT WEST VIRGINIA SECRETARY OF STATE NATALIE E. TENNANT

---

The Defendant Natalie E. Tennant, in her official capacity as the Secretary of State of the State of West Virginia, in response to the Complaint filed against her in the above-styled case, says as follows:

1.      The allegations in Paragraph 1 of the Complaint are admitted.

2.      The Defendant Natalie E. Tennant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 2.

3.      The Defendant Natalie E. Tennant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 3.

4.      The Defendant Natalie E. Tennant admits that she is the Secretary of State of the State of West Virginia as alleged in Paragraph 4.

5.      The Defendant Natalie E. Tennant admits that Earl Ray Tomblin is the Chief Executive Officer of the State of West Virginia as alleged in Paragraph 5.

6.      The Defendant Natalie E. Tennant admits that Jeffrey Kessler is the President of the Senate of the West Virginia Legislature as alleged in Paragraph 6.

7.      The Defendant Natalie E. Tennant admits that Richard Thompson is the Speaker of the House of Delegates of the West Virginia Legislature as alleged in Paragraph 7.

8.      The Defendant Natalie E. Tennant admits that the West Virginia Constitution contains the quoted words in Paragraph 8 of the Complaint; admits that she has special duties under the law with respect to the conduct of elections in West Virginia, as further stated herein in Paragraph 44; denies that she has any special duties under the law with respect to selecting the areas that are to be located in any congressional district; and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9.      Paragraph 9 of the Complaint states a legal conclusion and does not make factual allegations that are subject to factual admission or denial; to the extent that the language in the

2

paragraph sets forth or is in support of a claim for relief against the Defendant Natalie E. Tennant it is denied.

10.     Paragraph 10 of the Complaint in part states legal conclusions that are not subject to factual admission or denial; to the extent that Paragraph 10 sets forth factual allegations or is in support of a claim for relief against the Defendant Natalie E. Tennant it is denied.

11.     The Defendant Natalie E. Tennant states that the request for a three-judge court has been granted and is moot.

12.     The allegations in Paragraph 12 of the Complaint are admitted.

13.     The allegations in Paragraph 13 of the Complaint are admitted.

14.     The allegations in Paragraph 14 of the Complaint are admitted.

15.     The allegations in Paragraph 15 of the Complaint are admitted.

16.      The Defendant Natalie E. Tennant admits that Senate Bill 1008 in all of its forms called for three congressional districts, states that the written contents of Senate Bill 1008 speak for themselves, and otherwise lacks sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in Paragraph 16.

17.      The Defendant Natalie E. Tennant states that the written contents of Senate Bill 1008 speak for themselves with respect to the allegations in Paragraph 17.

18.     The allegations in Paragraph 18 of the Complaint are admitted.

19.     The Defendant Natalie E. Tennant admits that amendments to Senate Bill 1008 as introduced were proposed and otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 19.

20.     The allegations in Paragraph 20 of the Complaint are admitted.

21.     The Defendant Natalie E. Tennant admits that amendments to Senate Bill 1008 as introduced were proposed and states that the written contents of said amendments speak for themselves with respect to the allegations in Paragraph 21.

22.     The allegations in Paragraph 22 of the Complaint are admitted.

23.     The allegations in Paragraph 23 of the Complaint are admitted.

24.     The allegations in Paragraph 24 of the Complaint are admitted.

25.     The Defendant Natalie E. Tennant admits that pursuant to the information presented in the Complaint, the Second Congressional District is the most populous with respect to the allegations in Paragraph 25.

26.     Based upon the information provided in the Complaint, the allegations in Paragraph 26 of the Complaint are admitted.

27.     The Defendant Natalie E. Tennant states that the written contents of Senate Bill 1008 speak for themselves with respect to the allegations in Paragraph 27.

28.     The Defendant Natalie E. Tennant states that the written contents of Senate Bill 1008 speak for themselves with respect to the allegations in Paragraph 28.

29.     The Defendant Natalie E. Tennant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 29.

30.     The allegations in Paragraph 30 of the Complaint are admitted.

31.     The Defendant Natalie E. Tennant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 31.

32.     With respect to Paragraph 32 of the Complaint, the Defendant Natalie E. Tennant incorporates by reference her previous responses to the numbered paragraphs of the Complaint.

33.     The statement in Paragraph 33 is a legal conclusion that is not susceptible to a factual admission or denial; to the extent that the statement would establish a basis for a claim for relief against the Defendant Natalie E. Tennant, it is denied.

34.      The statement in Paragraph 34 is a legal conclusion that is not susceptible to a factual admission or denial; to the extent that the statement would establish a basis for a claim for relief against the Defendant Natalie E. Tennant, it is denied.

35.     The statement in Paragraph 35 is a legal conclusion that is not susceptible to a factual admission or denial; to the extent that the statement would establish a basis for a claim for relief against the Defendant Natalie E. Tennant, it is denied.

36.     With respect to Paragraph 36 of the Complaint, the Defendant Natalie E. Tennant incorporates by reference her previous responses to the numbered paragraphs of the Complaint.

37.     The Defendant Natalie E. Tennant admits that article I, § 4 of the West Virginia Constitution contains the language quoted in Paragraph 37 of the Complaint.

38.     The statement in Paragraph 38 is a legal conclusion that is not susceptible to factual admission or denial; to the extent that the statement would establish a basis for a claim for relief against the Defendant Natalie E. Tennant, it is denied.

39.     With respect to Paragraph 39 of the Complaint, the Defendant Natalie E. Tennant incorporates by reference her previous responses to the numbered paragraphs of the Complaint.

40.     The Defendant Natalie E. Tennant admits that article I, § 4 of the West Virginia Constitution contains the language quoted in Paragraph 40 of the Complaint.

41.     The statement in Paragraph 35 is a legal conclusion that is not susceptible to factual admission or denial; to the extent that the statement would establish a basis for a claim for relief against the Defendant Natalie E. Tennant, it is denied.

5

42.     Any matter not specifically admitted herein by the Defendant Natalie E. Tennant is denied.

43.     The statements in the Complaint's Prayer for Relief are legal requests that are not susceptible to factual admission or denial; with the exception of the request for a three-judge court, which has been granted, to the extent that any of these statements in the Prayer for Relief would establish a basis for a claim for relief against the Defendant Natalie E. Tennant, they are denied.

## DEFENDANT NATALIE E. TENNANT'S STATEMENT REGARDING ELECTION DEADLINES RELATED TO THE CLAIMS MADE IN THE COMPLAINT

44.     The Defendant Natalie E. Tennant will apply the law as determined by the Legislature and the courts in performing her duties with respect to the conduct of West Virginians' elections for Congressional Representatives.  *See Arrington v. Elections Bd.*, 173 F. Supp. 2d  856 (E. D. Wis. 2001) (redistricting case properly brought against chief state election officer and leaders of state legislative bodies); *see also Good v. Austin*, 800 F. Supp. 551, 553 (D.C. Mich. 1992) (Secretary of State was proper, albeit nominal, party in redistricting challenge).  With regard to such duties, the following deadlines appear to be applicable:

(A) January 9, 2012, to midnight, January 28, 2012, is the candidate filing

period.  [W. Va. Code § 3-5-7.]  Congressional candidates do not have to actually

reside in the Congressional District that they seek to represent, but political strategy

concerns may dictate in what district a person chooses to run.  Potential candidates

need time to evaluate their options prior to filing.

(B) February 10, 2012, is the deadline for a political party to nominate a

candidate for the primary, should no candidate file.  [W. Va. Code § 3-5-11.]

(C) February 14, 2012, is the deadline for the Secretary of State to post a list of candidates who have filed. [W. Va. Code § 3-5-9.]

(D) February 21, 2012, is the date on which each county conducts ballot position drawings for any party that has more than one candidate file for Congress. [W. Va. Code § 3-5-13a.]

(E) February 28, 2012, is the deadline for the Secretary of State to certify a list of candidates to county clerks.  [W. Va. Code §§ 3-5-9 and 3-5-12.]

(F) March 23, 2012, is the deadline for ballots to be printed and delivered to counties in order to comply with federal military and overseas voter mandates. [W. Va. Code § 3-3-11.]

(G)      May 8, 2012, is the election date.

WHEREFORE, the Defendant Natalie E. Tennant answers as set forth hereinabove to the Complaint.

Respectfully submitted,

NATALIE E. TENNANT, *Defendant*,

*By counsel*

DARRELL V. McGRAW, JR.
ATTORNEY GENERAL

/s/ *Thomas W. Rodd*
Thomas W. Rodd, Bar No. 3143
Assistant Attorney General
Attorney for Defendant Earl Ray Tomblin

Office of the Attorney General
812 Quarrier Street, 6th Floor
Charleston, West Virginia 25301
Telephone:      (304) 558-5830

7

Fax:           (304) 558-5833
E-mail:      twr@wvago.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 8, 2011, I electronically filed the foregoing "Answer by the Defendant Natalie E. Tennant" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel:

To:   David M. Hammer, Esquire
      Hammer, Ferretti & Schiavoni
      408 W. King Street
      Martinsburg, WV 25401
      Counsel for Plaintiff Jefferson County Comm'n,
        Patricia Noland, and Dale Manuel

      Stephen G. Skinner, Esquire
      Skinner Law Firm
      P.O. Box 487
      Charles Town, WV 25414
      Counsel for Plaintiff Jefferson County Comm'n,
        Patricia Noland, and Dale Manuel

      Stuart Thornton Cooper, Esquire
      3015 Ridgeview Drive
      South Charleston, WV 25303
      Counsel for Intervenor Plaintiff

      George E. Carenbauer, Esquire
      Steptoe & Johnson, PLLC-Charleston
      P.O. Box 1588
      Charleston, WV 25326-1588
      Counsel for Defendant Jeffrey Kessler

      Cynthia A. Majestro, Esquire
      Powell & Majestro, PLLC
      405 Capitol Street, Suite P-1200
      Charleston, WV 25301
      Counsel for Defendant Richard Thompson

                    /s/ *Thomas W. Rodd*
                    Thomas W. Rodd, Bar No. 3143
                    Assistant Attorney General
                    Attorney for Defendant Natalie E. Tennant

                    Office of the Attorney General
                    812 Quarrier Street, 6th Floor

Charleston, West Virginia 25301
Telephone:      (304) 558-5830
Fax:            (304) 558-5833
E-mail:         twr@wvago.gov